FILED

SEP 2 7 2012

AO 243 (Rev. 5/85}

MOTION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT
SENTENCE BY A PERSON IN FEDERAL CUSTODY

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| United States District Court | District Northern Dist. of California |
|---|---|

| Name of Movant John That Luong | Prisoner No. 08838-097 | Case No. 3:96-cr-00094 |
|---|---|---|

Place of Confinement

**United States Penitentiary Hazelton**

UNITED STATES OF AMERICA          v.   **John That Luong**

(name under which convicted)

## MOTION

1. Name and location of court which entered the judgment of conviction under attack **U.S. Dist. Court**

   **450 Golden Gate Ave., San Francisco, CA 94102**

2. Date of judgment of conviction **June 22, 2000**

3 Length of sentence **Originally 88 years - Re-sentenced to 65 years**

4. Nature of offense involved (all counts) **(See Attachment A)**

5. What was your plea? (Check one)
   (a) Not guilty       ☒
   (b) Guilty           ☐
   (c) Nolo contendere  ☐

   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

   **N/A**

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury        ☒
   (b) Judge only  ☐

7. Did you testify at the trial?
   Yes ☐ No ☒

8. Did you appeal from the judgment of conviction?
   Yes ☒ No ☐

Page 3

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?     Yes ❑     No ☒

8. Did you appeal from the judgment of conviction?     Yes ☒     No ❑

9. If you did appeal, answer the following:

(a) Name of court: **U.S. Court of Appeals for Ninth Circuit**

(b) Docket or case number (if you know): **First Appeal – 09-10265, Second – 09-10267**

(c) Result: **1st, Aff'd in part, Rev'd in part; 2nd, Aff'd**

(d) Date of result (if you know): **1st, 12/26/2006; 2nd 12/29/2010**

(e) Citation to the case (if you know): **1st, 215 Fed. Appx. 639; 2nd, 471 F.3d 1107**

(f) Grounds raised:

**(See Attachment B)**

(g) Did you file a petition for certiorari in the United States Supreme Court?     Yes ☒   No ❑

If "Yes," answer the following:

(1) Docket or case number (if you know): **1st, No.06-11799; 2nd, 10-10885**

(2) Result: **Cert. denied both cases**

(3) Date of result (if you know): **1st, 11/05/2007; 2nd, 10/03/2011**

(4) Citation to the case (if you know): **Unknown**

(5) Grounds raised: **1st, Wiretap jurisdiction; 2nd, whether Petitioner should have been sentenced under §924(o) rather than § 924(c)**

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications concerning this judgment of conviction in any court?

Yes ☒   No ❑

11. If your answer to Question 10 was "Yes," give the following information: *Ninth*

(a) (1) Name of court: **U.S. Court of Appeals for the ~~Third~~ Circuit**

(2) Docket or case number (if you know): **Nos. 09-10265, 09-267**

(3) Date of filing (if you know): **02/11-2011**

(4) Nature of the proceeding:  **Petition for Rehearing**

(5) Grounds raised:  **Same as in second direct appellate brief (see Attachment B)**

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?     Yes ❑  No ☒

(7) Result:  **Petition denied**

(8) Date of result (if you know):  **03/09/2011**

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court:                    **N/A**

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?     Yes ❑  No ❑

(7) Result:

(8) Date of result (if you know):

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1)  First petition:        Yes ❑   No ❑

(2)  Second petition:     Yes ❑   No ❑

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the <u>facts</u> supporting each ground.

GROUND ONE:

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

> (See Attachment C)

(b) Direct Appeal of Ground One:

> (1) If you appealed from the judgment of conviction, did you raise this issue?
>
> > Yes ❑   No ☒
>
> (2) If you did not raise this issue in your direct appeal, explain why:

> Ineffective Assistance of Counsel

(c) Post-Conviction Proceedings:

> (1) Did you raise this issue in any post-conviction motion, petition, or application?
>
> > Yes ❑  No ☒
>
> (2) If your answer to Question (c)(1) is "Yes," state:
>
> Type of motion or petition:
>
> Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

    Yes ❑   No ❑

(4) Did you appeal from the denial of your motion, petition, or application?

    Yes ❑   No ❑

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

    Yes ❑   No ❑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND TWO:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

      **(See Attachment C)**

(b) **Direct Appeal of Ground Two:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ❑  No ☒

    (2) If you did not raise this issue in your direct appeal, explain why:

        **Ineffective Assistance of Counsel**

(c) **Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ❑  No ☒

    (2) If your answer to Question (c)(1) is "Yes," state:

    Type of motion or petition:

    Name and location of the court where the motion or petition was filed:

    Docket or case number (if you know):

    Date of the court's decision:

    Result (attach a copy of the court's opinion or order, if available):

    (3) Did you receive a hearing on your motion, petition, or application?

        Yes ❑  No ❑

    (4) Did you appeal from the denial of your motion, petition, or application?

        Yes ❑  No ❑

    (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

        Yes ❑  No ❑

    (6) If your answer to Question (c)(4) is "Yes," state:

    Name and location of the court where the appeal was filed:

    Docket or case number (if you know):

    Date of the court's decision:

    Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND THREE:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

## (See Attachment C)

(b) **Direct Appeal of Ground Three:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

      Yes ☐   No ☒

    (2) If you did not raise this issue in your direct appeal, explain why:

## Ineffective Assistance of Counsel

(c) **Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

      Yes ☐   No ☒

    (2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

Yes ❏   No ❏

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ❏   No ❏

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ❏   No ❏

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND FOUR:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

## (See Attachment C)

(b)  **Direct Appeal of Ground Four:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ❑  No ☒

    (2) If you did not raise this issue in your direct appeal, explain why:

## Ineffective Assistance of Counsel

(c) **Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ❑  No ☒

    (2) If your answer to Question (c)(1) is "Yes," state:

    Type of motion or petition:

    Name and location of the court where the motion or petition was filed:

    Docket or case number (if you know):

    Date of the court's decision:

    Result (attach a copy of the court's opinion or order, if available):

    (3) Did you receive a hearing on your motion, petition, or application?

        Yes ❑  No ❑

    (4) Did you appeal from the denial of your motion, petition, or application?

        Yes ❑  No ❑

    (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

        Yes ❑  No ❑

    (6) If your answer to Question (c)(4) is "Yes," state:

    Name and location of the court where the appeal was filed:

    Docket or case number (if you know):

    Date of the court's decision:

    Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

13. Is there any ground in this motion that you have <u>not</u> previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

**No claims previously presented due to ineffective assistance of counsel.**

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the judgment you are challenging?      Yes ❏   No ☒
If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: **James Campbell, Esq., 155 Sansome St., Ste: 810, San Francisco, CA 94104**

(b) At arraignment and plea: **Maureen K. Kallins, Esq., P.O. Box 98, Larkspur, CA 94977**

(c) At trial:  **Richard Mazer, 99 Divisadero St., San Francisco, CA 94117**

(d) At sentencing:  **"**

Page 12

(e) On appeal: **William Osterhoudt, 135 Belvedere Street San Francisco, CA 94117**

(f) In any post-conviction proceeding: **N/A**

(g) On appeal from any ruling against you in a post-conviction proceeding:

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?     Yes ☒ No ☐

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?     Yes ☒ No ☐

(a) If so, give name and location of court that imposed the other sentence you will serve in the future: **United States District Court Eastern District of California**

(b) Give the date the other sentence was imposed:  **Unsure**

(c) Give the length of the other sentence: **Life plus 80 years**

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?   Yes ☒   No ☐

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

**N/A**

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —

(1) the date on which the judgment of conviction became final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Therefore, movant asks that the Court grant the following relief:

**To vacate Luong's convictions**

or any other relief to which movant may be entitled.

_____

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on

(month, date, year).

Executed (signed) on ___9/24/12___ (date).

_____

Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.

## NATURE OF OFFENSES INVOLVED

Count One - 18 U.S.C. § 1962(c) - RICO Enterprise

Count Two - 18 U.S.C. § 1962(d) - RICO Conspiracy

Count Ten - 18 U.S.C. § 1951(a) - Hobbs Act Conspiracy

Count Eleven - 18 U.S.C. § 1951(a) - Hobbs Act Robbery

Count Twelve - 18 U.S.C. § 924(c)(1) - Use of Firearm to Commit Violent Felony

Count Thirteen - 18 U.S.C. § 1951(a) - Hobbs Act Conspiracy

Count Fourteen - 18 U.S.C. § 1951(a) - Hobbs Act Robbery

Count Fifteen - 18 U.S.C. § 924(c)(1) - Use of Firearm to Commit Violent Felony

Count Sixteen - 21 U.S.C. § 846 - Conspiracy to Distribute Heroin

Count Seventeen - 21 U.S.C. § 841(a)(1) - Distribution of Heroin

Count Nineteen - 21 U.S.C. § 843(b) - Unlawful Use of Telecommunication Facility

**ATTACHMENT A**

## GROUNDS RAISED IN FIRST DIRECT APPEAL

**(f)**

1. Was there sufficient evidence to establish the existance of the RICO enterprise alleged in Count One of the superseding indictment?

2. Did the district court's instructions on Counts 5, 8, 11, and 14 effect a constructive amendment of the robbery counts contained therein, a plain error requiring reversal of those counts and all guilty findings as to the robberies alleged as RICO predicate acts?

3. Did the absence of aiding and abetting instructions constitute plain error requiring reversal?

4. Must the defendant's convictions on the four separate Hobbs Act conspiracies be reversed because the indictment alleged and the jury found that there was a single, unified conspiracy to commit the four Hobbs Act robberies charged as substantive counts?

5. Would reversal of either the robbery convictions on Counts 5, 11, and 14 or the conspiracy convictions on Counts 4, 10, and 13 also require reversal of the firearm charges in Counts 6, 12, and 15?

6. Did the district court err in failing to suppress all evidence through wiretaps in this case?

7. Is resentencing required under United States v. Booker because, notwithstanding defendant's repeated objections on Sixth Amendment grounds, the trial court imposed sentence based on factual findings not returned by the jury and pursuant to Guidelines which the court viewed as mandatory?

8. The District Court denied John That Luong due process of law by excluding crucial defense evidence objected to by his co-defendants, and by refusing to sever his case or take any other remedial action so that such evidence could be presented.

9. There was insufficient evidence to convict John That Luong on Counts thirteen through fifteen, concerning the Aristocrat robbery.

10. John That Luong's convictions on Counts thirteen through fifteen must be reversed because the indictment was constructively amended by the government's presentation of evidence.

**ATTACHMENT B**

## GROUNDS RAISED IN SECOND DIRECT APPEAL

**(f-Cont.)**

1.  Whether the district court erred in sentencing the defendant under Section 924(c) instead of Section 924(o)?

2.  Whether the district court should have sentenced to only one count of Section 924(c) because the jury found a single overarching Hobbs Act conspiracy?

3.  Whether the district court should have sentenced to only one count of Section 924(c) because the government did not charge any of the Section 924(c) violations as "second or subsequent" offenses?

4.  Whether the district court erred in imposing the initial five-year sentence because the statutory language precludes such a sentence?

5.  Whether the Section 924(c) convictions violated Apprendi v. New Jersey, 530 U.S. 466 (2000)?

6.  Whether the district court violated 18 U.S.C. § 3553 by imposing the statutorily required minimum penalties of Section 924(c)?

**ATTACHMENT B CONT.**

### Section 2255
### GROUNDS PRESENTED

I.   Whether trial counsel provided constitutionally ineffective assistance when he failed to challenge the grand jury selection process.

II.  Whether trial counsel provided constitutionally ineffective assistance when he failed to challenge the legal sufficiency of the indictment.

III. Whether trial counsel provided constitutionally ineffective assistance when he failed to object to the jury selection procedures.

IV.  Whether trial counsel provided constitutionally ineffective assistance when he failed to move for dismissal of the indictment based on a violation of the Speedy Trial Act.

V.   Whether trial counsel provided constitutionally ineffective assistance when he failed to object to the admission of improper lay and expert testimonial evidence.

VI.  Whether trial counsel provided constitutionally ineffective assistance when he failed to object to the admission of irrelevant evidence.

VII. Whether trial counsel provided constitutionally ineffective assistance when he failed to object to the admission of inadmissible hearsay evidence.

VIII. Whether trial counsel provided constitutionally ineffective assistance when he failed to object to the admission of Rule 404(b) evidence.

IX.  Whether trial counsel provided constitutionally ineffective assistance when he failed to object to the prosecutor's pervasive misconduct.

X.   Whether trial counsel provided constitutionally ineffective assistance when he failed to inform the defendant that he had a constitutional right to testify in his own defense.

XI.  Whether trial counsel provided constitutionally ineffective assistance when he failed to interview and present witnesses in the defendant's defense.

1

ATTACHMENT C

## GROUNDS PRESENTED CONT.

XII.   Whether trial counsel provided constitutionally ineffective
       assistance when he failed to object to the jury charge.

XIII.  Whether appellate counsel provided constitutionally
       ineffective assistance when he failed to identify and
       raise obviously meritorious issues on appeal.

2

**ATTACHMENT C CONT.**

## PROOF OF MAILING AND SERVICE

It is hereby certified that the original and one (1) copy of Luong's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody Pursuant to 28 U.S.C. § 2255 was sent, via first-class prepaid mail, by giving same to USP Hazelton prison staff for processing through the institutional legal mail system, this __24th__ day of September, 2012, to the following:

        Office of the Clerk
        United States District Court
        Northern District of California
        450 Golden Gate Avenue, 16th Floor
        San Francisco, CA 94102-3434

It is further certified that a true and correct copy of the foregoing motion was sent, via first-class prepaid mail, on the above-noted date, to the following counsel for the Government:

        Mr. Robert D. Rees, Esq.
        Assistant United States Attorney
        Northern District of California
        450 Golden Gate Avenue
        San Francisco, CA 94102


                            _____
                            John That Luong

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

JOHN THAT LUONG,                )
                                )    Civil No. _____
                   Movant,      )
                                )    Crim. No. 3:96-cr-00094-EXE
        v.                      )
                                )    USCA Nos. 09-10265
UNITED STATES OF AMERICA,       )              09-10267
                   Respondent.  )
                                )

MOTION FOR ENLARGEMENT OF TIME
WITHIN WHICH TO FILE MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO VACATE, SET ASIDE,
OR CORRECT SENTENCE BY A PERSON IN FEDERAL
CUSTODY PURSUANT TO TITLE 28 U.S.C. § 2255

NOW COMES Movant John That Luong ("Luong"), acting pro se, and moves this Honorable Court for a sixty (60) day enlargement of time, up to and including until December 3, 2012, within which to file a memorandum of law in support of Luong's motion to vacate, set aside, or correct sentence by a person in federal custody pursuant to 28 U.S.C. § 2255.

In support of this motion Luong states the following:

1.  The case at bar was a four-month RICO/robbery/drug trafficking trial, with over 12,000 pages of pretrial and trial transcripts.

2.  Luong did not receive a copy of the transcripts from his appellate attorney until May and June, 2012 (see letter from attorney, attached hereto as Exhibit A).

3. The facility in which Luong is incarcerated -- the United States Penitentiary Hazelton, in Bruceton, Mills, West Viginia -- was placed on lockdown status from July 2, 2012, until July 25, 2012, as a result of a series of violent incidents. During this time, inmates had no access to the institutional law library (see United States Department of Justice memorandum, attached hereto as Exhibit B).

4. Luong is a layman in matters of the law, and he is proceding in the matter sub judice without the benefit of counsel.

5. Based on the extraordinary circumstances descibed above, Luong needs additional time to brief his Section 2255 motion.

WHEREFORE, in light of the above, Luong prays that this motion will be granted.

Respectfully submitted,

John That Luong
Reg. No. 08838-097
U.S. Penitentiary Hazelton
P.O. Box 2000
Bruceton Mills, WV 26525

Date: 9/24/12

2

LAW OFFICES OF

# WILLIAM L. OSTERHOUDT

135 BELVEDERE STREET

SAN FRANCISCO, CALIFORNIA 94117

WILLIAM L. OSTERHOUDT
FRANK S. MOORE
DOLORES T. OSTERHOUDT

TELEPHONE (415) 664-4600
FACSIMILE (415) 664-4691

May 30, 2012

John That Luong, No. 08838-097
United States Penitentiary-Hazelton
P.O. Box 2000
Bruceton Mills, West Virginia 26525

Dear John:

I wanted to let you know we have sent you a total of four boxes of transcripts. The four boxes consist of Trial Transcripts vol. 1-12, 14-34, 39-46, and verdict & deliberation transcripts. Additionally there is one box of miscellaneous transcripts from various hearings. When we locate trial transcripts vol. 13, and 35-38, we will send them out to you.

Yours truly,

Bill

**EXHIBIT A**



United States Department of Justice
Federal Bureau of Prisons
United States Penitentiary – Hazelton
Post Office Box 450
1640 Sky View Drive
Bruceton Mills, West Virginia 26525
(304) 379-5000

September 17, 2012

MEMORANDUM FOR:    John Luong Inmate# 08838-097

FROM:              J Shirk, Correctional Counselor
                   UNITED STATES PENITENTIARY HAZELTON
                   BRUCETON MILLS, WEST VIRGINIA

SUBJECT:           Inmate Legal Law Library availability


    Please be advised that on July 2, 2012, USP Hazelton was placed on
lockdown status until July 25, 2012. During this time the Inmate legal
law library was not available to the inmate population.


**EXHIBIT B**

## CERTIFICATE OF SERVICE

It is hereby certified that a true and correct copy of Movant's Motion for Enlargement of Time Within Which to File Memorandum of Law in Support of Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody Pursuant to Title 28 U.S.C. § 2255 was sent, via first-class prepaid mail, this 24th day of September, 2012, to the following counsel for the Government:

    Mr. Robert D. Rees, Esq.
    Assistant United States Attorney
    450 Golden Gate Avenue
    San Francisco, CA 94102


John That Luong