UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

John That Luong,
Defendant-Petitioner,

2255 No#_____

-vs-

IND.#3:96cr00094

UNITED STATES OF AMERICA,
Plaintiff-Respondent

---

CLARIFICATION OF PETITIONER'S 2255
"Grounds & Supporting Facts"
As ordered by
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

---

I. INTRODUCTION

1. The Petitioner John that Luong, Pro Se in this matter asserts that he filed a timely 2255 that has the "History of the Proceedings" which have occurred in this instant offense to the best of his knowledge.... He further asserts that the court granted him two extensions of time, based on good cause to Clarify his 2255 "Grounds & Supporting Facts" that his final deadline is Feb. 3, 2013.... He further asserts that based on the language of the 2255 actual form that states quote: "supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.);" He intends to do just that, limit himself to the specific facts that support his claim and when the Gov't response to his 2255, then on his reply to the Govt's response he will attach any exhibits # or cited case law he may have to support his specific "facts & claims" stated within his 2255 Grounds.

2. The Petitioner asserts herein that he raised "Thirteen (XIII.) Grounds" for relief within his 2255 which he now intends to clarify the most effective Grounds stated within his 2255 that to him are the most effective for relief without clogging up his "Grounds & Supportive Facts" within his 2255 before this court. Which the remaining grounds I. & III., he will preserve until he can obtain those proper documents/evidence to effectively present them by he does not possess the correct "grand jury/jury selection transcripts at

this very moment.

3. In addition, the Petitioner asserts herein that this instant offense surrounds itself through a Twenty-one (21) count Indictment Pursuant to Rico conspiracy in violation of 18 U.S.C. 1962(c) as briefly stated below:

## II. CLARIFICATION OF PETITIONER'S 2255 "GROUNDS & SUPPORTING FACTS"

A. Ground IV.

WHETHER TRIAL COUNSEL PROVIDED CONSTITUTIONALLY INEFFECTIVE ASSISTANCE WHEN HE FAILED TO MOVE FOR A DISMISSAL OF THE INDICTMENT BASED ON A VIOLATION OF HTE "SPEEKY TRIAL ACT" (STA) THAT THE COURT ABUSED ITS DISCRETION FOR NOT PROPERLY ADDRESSING PETITIONER'S PRO SE MOTION.

B. Supporting Facts:

4. The Petitioner asserts herein that he address trial counsel even way before trial commenced to file a motion in violation of his (STA) rights. Counsel informed him that he would file the motion, but never did. During trial he continued to ask his attorney what is going on with the (STA) motion, counsel stated he would file the motion. The Petitioner could not wait any longer for ineffectiveness of counsel to file his constantly requested (STA) motion. Which he filed a (STA) violation motion during the middle of trial that the court denied without even reading his filed (STA) violation motion or establishing a proper ruling for the record on the issues within his (STA) violation Pro Se motion.

5. The Petitioner respectfully moves this Hon. Court to determine the merits on this ground surrounding his (STA) violation as stated within his Pro Se (STA) violation motion thats already filed in this court's file during the middle of trial.

A. Ground V.

WHETHER TRIAL COUNSEL PROVIDED CONSTITUTIONALLY INEFFECTIVE ASSISTANCE WHEN HE FAILED TO OBJECT TO THE ADMISSION OF IMPROPER LAY AND EXPERT TESTIMONIAL EVIDENCE?

B. Supporting Facts

6. The Petitioner asserts herein that trial counsel failed to object, or effectively challenge the admission of improper lay and expert testimonial evidence in three (3) different fronts that can be said of triggering a "Subject Matter Jurisdictional" (SMJ) challenge as further briefly explained below:

  a. Counsel allowed the Gov't to present testimonial evidence before the Petit jury without objecting or being challenged when the agents were allowed to testify to the drug testing to each named drug count the Petitioner is named within this "Twenty-one (21) Count Indictment" without once calling a lab technician to testify to those facts that its as element that the Gov't has the burden beyond a reasonable doubt to prove.... Every Court that has address this issue have held a Crawford-v-Washington, violation. See Melendez-Diaz V. Massachusetts, ____ U.S. ____, 129 S.Ct. 2527, 2536-2537, 174 L.Ed.2d 314 ( 2009).

  b. Counsel allowed the Gov't to present the drug evidence before the Petit jury without objecting or being challenged when the Gov't did not call any expert witness or any other witness to meet the "Subject Matter Jurisdiction Required Element" or effecting either interstate, or foreign commerce to support every drug count the petitioner is named within said indictment.... Every court that has address this issue have held that the Gov't thas the burden beyond a reasonable doubt to always prove the "Subject Matter Jurisdiction Requirement Element." Which an expert testifies that the type of drug stated in the indictment can only be manufactured either interstate or foreign commerce "the Gov't proves its "Jurisdictional Requirement Element"... (In this particular case at bar that "Jurisdictional Requirement Element" is completely silent, even during the Govt's closing arguments). See Melendez-Diaz, supra.

  c. Counsel allowed the Gov't to present the unlawful use of a Tele-communications Facility evidence before the Petit jury without objecting, or challenging when the Gov't did not call any expert witness or any other witness to meet the "Subject Matter Jurisdiction Required Element" of effecting either interstate, or foreign commerce to support every telephone count the Petitioner is named within said Indictment.... Every court that has address this issue have held that the Gov't. has the burden beyond a reasonable doubt to always prove the "Subject Matter Jurisdiction Requirement Element." Which an expert in cellular phone network & tracking technology testifies on cell phone tower mapping etc., that will demonstrate how each telephone hits each tower allowing the Petit jury to map each call that the Gov't. claims effected either interstate or foreign commerce.... (In this particular case at bar, that "Jurisdictional Requirement Element" is completely silent, even during the Govt's closing arguments).

  A. Grounds II., VI., IX., XI., & XII. are raised herein:

**WHETHER TRIAL COUNSEL PROVIDED CONSTITUTIONALLY INEFFECTIVE ASSISTANCE WHEN HE FAILED TO OBJECT TO THE ADMISSION OF IRRELEVANT EVIDENCE?**

  7. The Petitioner asserts herein that trial counsel failed to object, or effectively challenge the admission of irrelevant evidence presented to the Petit jury surrounding the on or about August 1, 1995 and or August 18, 1995, alleged to knowingly conspired to commit robbery affecting interstate commerce in the city of Sunnyvale, County of Santa Clara, state and Northern District of California of Aristocrat, Inc., a company which does business in interstate commerce as defined in 18 U.S.C. 1951(b)(3); Which was located at 1233 Alderwood Avenue, Sunnyvale, California in several fronts as briefly stated below:

  a. First and formost, the Petitioner respectfully moves this most Honorable Court to take judicial notice that in every 18 U.S.C.S. 1951(b)(3) violation the Gov't requests the grand jury to return an indictment that includes several required component elements that are "Subject Matter Jurisdictional" (SMJ) elements that the Gov't has the upmost burden beyond a reasonable doubt to meet without creating a "long line of different types of chain of events, guess work or inferences".... which "knowledge" is one of those (SMJ)

required component elements that the record is completely silent in these particular counts at bar....

    b. The Gov't. returned an indictment that states that the Petitioner "did knowingly agree and conspire to obstruct, delay and affect commerce." The Webster's New World Dictionary defines "knowingly" as meaning "knowledge" of all events that occurred in this instant offense. However, the record is crystal clear, even through the prosecution's own words that the Petitioner had no "knowledge" of any events that occurred in this instant offense.... Which even while the Govt's solo theory that went before the Petit jury on this instant count for prosecution was based solely on liability under the Pinkerton, Principle Prongs.... This court must take judicial notice that the Pinkerton, cannot relieve the Gov't of their "burden & obligation" to meet the (SMJ) required component element that is never waived, if necessary, the court can raise this issue on its own sua sponte motion and based on a recent U.S. Supreme Court decision this court has an "obligation" to conduct an evidential hearing on this (SMJ) challenge.

    c. In addition, the Gov't returned an indictment count under 18 U.S.C.S. 924(c)(1)) --Stating that the Petitioner "knowingly use and carry firearms during and in relation to a crime of violence, namely, the offense alleged in count Fourteen of this indictment, the Aristocrat Inc., robbery." Once again, the Petitioner respectfully moves this Honorable Court to take judicial notice that based solely on the Govt's own words as explained above herein paragraph #7., alphabets # a. and b., the Petitioner had no "knowledge" of any events that occurred in the Aristocrat Inc., robbery on about August 18, 1995, as stated on the indictment. Therefore, the Govt's own words support that they did not prove beyond a reasonable doubt their "obligation & burden" of the required (SMJ) component element of 'knowledge" that the Pinkerton, Principle Prongs cannot relieve them accordingly as written by law.

    d. In conclusion with the 924(c)(1))--courts have held, (like the sixth circuit) that the Petitioner cannot be enhanced for any "weapon/gun" that was "carried and or used" by any of his co-defendants during any criminal offense, even in furtherance of a crime of violence if the actual co-defendant that "carried and or used" the "weapon/gun" was never charged for that particular "weapon/gun." The Petitioner asserts herein that the only named co-defendant Chhayarith Reth, who is allegedly the one who "carried and or used" the "weapon/gun" for the Aristocrat, Inc., robbery was never charged nor indicted for his role and activity of the actual crime who the Gov't claim "carried and or used" the actual "weapon/gun." Therefore, base on the facts and law as accordingly written, he cannot be enhanced under 924(c)(1) for the alleged Aristocrat, Inc., robbery.

    e. The Petitioner further wishes this court to take judicial notice that based on all the above facts and evidence stated herein Paragraph # 7., alphabet # a.-thr.-c., Surrounding the required (SMJ) component elements etc., that is in line with Ground XII. The Gov't cannot return an indictment claiming that in every robbery count the Petitioner only "aided & abetted" each offense & than relieve the Petit jury from determining that critical (SMJ) component element that also creates a serious "variance, Amendment or Constructive amendment" to the indictment and presents itself with a serious question whether the evidence presented to the grand jury was based solely on the Petitioner "aiding & abetting" every robbery charge on this instant indictment thats in line with Ground II.

    f. The Petitioner argues herein Ground XII., counsel's failure to object to the jury charge. The court abuse its discretion when it explained to the Petiti jury the jury charge instructions. The grand jury returned an indictment against the Petitioner for only "aiding & abetting the armed robberies that affected interstate commerce" in each count that he

is named in. The Gov't "specifically" returned the indictment claiming that he "aided & abetted the affect on interstate commerce" which based on the Gov't's "specific" evidence before the grand jury the "aiding & abetting the affect on interstate commerce" triggers "aiding & abetting the affect on interstate commerce as a required (SMJ) component element" that the court has the obligation to secure that the Petit jury is instructed on the "aiding & abetting the effect on interstate commerce required (SMJ) component element." Because if not, not only does it trigger a serious (SMJ) violation but also creates a serious Variance, Amendment & Constructive Amendment to the indictment. (In addition, the Petitioner asserts that the Petit jury's RICO/Conspiracy charge instructions were also misleading to the Petit jury).

    g. In an U.S. Supreme Court decision it was held that the Gov't return an interstate commerce indictment under 18 U.S.C.S. 1951(a)(3) against a defendant that "the grand jury was 'specifically' presented with evidence that the Gov't met their required (SMJ) component element by the defendant affected the 'Movement of Sand.' But during trial the Gov't claimed that the defendant affected the movement of steel." The U.S. Supreme court Justices revered the defendant's conviction not only because the Gov't's "specific" evidence before the grand jury to meet their required (SMJ) component element was based on the movement of Sand, but also it created a very serious "Variance, Amendment, or Constructive Amendment to the indictment."

    h. The Petitioner further argues herein Grounds IX. and XI.....Counsel's failure to object to the Govt's pervasive misconduct & the calling of defense witnesses. The Gov't has an obligation & duty under "Brady, Giglio, & Rule 16" to further learn of and preserve any material evidence known to them and or others acting on the Govt's behalf. Which the 9th Cir. has held that Rule 16(a)(1)(E) require that the Gov't. disclose to the defense team any documents that are material in preparing his defense....

    i. In this particular case, Chhayarith Reth, who was not charged in counts, "Thirteen, Fourteen & Sixteen," immediately became a federal informant in this instant indictment which he informed federal prosecutors and agents that the Petitioner was not involved and had no knowledge of the Aristocrat, Inc., robbery. But the Gov't. withheld all that evidence that not only was favorable material/evidence to the defense team, but also it deprived the defense team to subpeona Chhayarith Reth, during trial as a defense witness because the defense counsel had no idea what Mr. Reth, would testify to & Mr. Reth's attorney refuse to allow Mr. Reth, to speak with any of the defense team investigaters'. Which the Petitioner, requested counsel to subpeona Mr. Reth, any ways to testify but counsel refused. Nevertheless, the Govt's pervasive misconduct in this matter was intentional to secure an illegal conviction, prejudice his defense and trial.

    A. Grounds VII. & VIII. are raised herein:

    WHETHER TRIAL COUNSEL PROVIDED CONSTITUTIONAL INEFFECTIVE ASSISTANCE WHEN HE FAILED TO OBJECT TO THE ADMISSION OF INADMISSIBLE HEARSAY & RULE 404(B) EVIDENCE THAT CREATED A SERIOUS PREJUDICIAL SPILLOVER.

    B. Supporting Facts:

    a. The Petitioner asserts herein that all through the trial within this said offense indictment his attorney did not effectively object or challenge the Govt's continuous representation to the Petit jury of hearsay testimony from witnesses & other bad acts that were not stated on the indictment that not only violated his Sixth Amendment & Rule 403(b) rights, but also created a serious prejudicial spillover.

    A. Ground XIII.

WHETHER APPELLANT COUNSEL PROVIDED CONSTITUTIONALLY INEFFECTIVE ASSISTANCE WHEN HE FAILED TO IDENTIFY AND RAISE OBVIOUSLY MARITORIOUS ISSUES ON APPEAL.

B. Supporting Facts:

8. The Petitioner asserts herein that not only would his pretrial, trial & Petit jury's verdict been completely different had trial counsel effectively represented him as explained above herein Paragraphs #1.-thr.-7, but also his appeal right proceedings would had been completely different had appellate counsel effectively read through all the Petitioner's thousands of pages of transcripts, spoked with his trial counsel and raise "identifable & obvious" meritorious issues on his first direct appeal, especially under the "Subject Matter Jurisdiction" (SMJ) challenges/issues as explained above that are never waived, etc.

## 2255 Relief Sought

9. The Petitioner respectfully moves this Most Honorable Court that based on all the above mentioned facts and evidence stated on each ground in support of his already filed 2255, or alternative: for this Court to grant him the relief that is just, fair and acquitable.

Respectfully Submitted,

Date: 1/31/2013

(S) _____
John T. Luong's Signature

## CERTIFICATE OF SERVICE

I, John That Luong, declare under oath/penalty of perjury that he mailed on the 31st, day of January, year 2013, the original and ( one ) copy of Mr. Luong's attached hereto said:

### CLARIFICATION OF PETITIONER'S 2255
"Grounds & Supporting Facts"
As Ordered By

United States District Court
Northern District Of California

To the U.S. District Court Clerk who's address is stated below and mailed (one) copy to the (A.U.S.A.) who's name & address is also stated below by dropping both separate postmark envelopes within the Prison Mailbox System at (USP) Hazelton:

Office of the Clerk
United States District Court
Northern District of California
450 Golden Gate Avenue, 16th floor
San Francisco, CA 94102-3434

Mr. Robert D. Rees, Esq.
Assistant U.S. Attorney
Northern District of CA.
450 Golden Gate Avenue
San Francisco, CA. 94102.

Respectfully Submitted,

(S) _____
John That Luong's Signature.