COLEMAN & BALOGH LLP
ETHAN A. BALOGH, No. 172224
JAY A. NELSON, No. 258431
235 Montgomery Street, Suite 1070
San Francisco, CA 94104
Telephone: 415.391.0440
Facsimile: 415.373.3901
eab@colemanbalogh.com
jay@colemanbalogh.com

Attorneys for Defendant
JOHN THAT LUONG

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| UNITED STATES OF AMERICA, | Case No. 96 Cr. 94 (JSW) |
|---|---|
| Plaintiff, | JOHN THAT LUONG'S MOTION FOR DISCOVERY IN SUPPORT OF MOTION PURSUANT TO 28 U.S.C. § 2255; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT |
| v. | |
| JOHN THAT LUONG, | |
| Defendant. | Before the Honorable Jeffrey S. White United States District Judge |

**MOTION**

Pursuant to Section 2255 Rule 6, defendant John That Luong, by and through his counsel, respectfully moves for an Order granting him the discovery identified below in support of his motion pursuant to 28 U.S.C. § 2255. *See* Dkt. 2058. In the event the Court grants Mr. Luong the requested materials, Mr. Luong notes that he has no objection to the entry of a Protective Order, as the Court may deem appropriate, to maintain the confidentiality of any responsive materials.

**A.   Discovery Requested in Support of Claims I and III:**

1. The manual of procedures used by the Clerk of the Court to compile and qualify the 1998 grand and 2000 petit jury wheels;

2. The names on the 1998 qualified grand jury wheel;

3. The names on the 2000 qualified petit jury wheel;

4. Any other statistical compilations compared by the Clerk's Office concerning the makeup of the jury pool from which the 1998 grand jury was selected and/or the 2000 petit jury was selected;

5. A blank copy of the 1998 and 2000 District juror qualification questionnaire(s);

6. A copy of any letter of instructions to prospective 1998 grand and 2000 petit jurors;

7. JS-12 forms associated with the master and qualified jury wheels for the 1998 grand jury pool and any potential 2000 petit jury pool;

8. Records setting forth the method of 1998 and 2000 jury empaneling, including copies of "The Clerk's Manual for United States District Courts," all documents reflecting the procedures used to select names from the master or qualified jury wheels; and

9. Documents reflecting the procedure used in 1998 and 2000 to excuse prospective jurors for hardship or other reasons.

**B.   Discovery Requested in Support of Claim IX:**

1. Any and all records—including, but not limited to, notes, reports, memoranda, correspondence, and financial records—pertaining to the Government's use of Tuan Thahn Nguyen, a.k.a. Ah Muoi, a.k.a. Quang Phan, as a confidential source at any time, by any federal agency, including but not limited to the Federal Bureau of Investigation ("FBI"), the Drug Enforcement Agency ("DEA"), the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), Immigration and Customs Enforcement ("ICE"), and/or the United States Attorney's Offices ("USAO") for the Northern District of California, Central District of California, and District of Massachusetts.

2. Any and all records reflecting any information received by the Government from Tuan Thahn Nguyen, a.k.a. Ah Muoi, a.k.a. Quang Phan, in his capacity as a cooperating source.

3. Any and all records reflecting any consideration provided to Tuan Thahn Nguyen, a.k.a. Ah Muoi, a.k.a. Quang Phan by the Government, for services rendered as a cooperating source, including, but not limited to, lenience in connection with criminal prosecutions, immigration benefits, and/or financial compensation.

4. The names and contact information of any Government officials possessing knowledge of the Government's use of Tuan Thahn Nguyen, a.k.a. Ah Muoi, a.k.a. Quang Phan, as a cooperating source, and/or of any consideration provided by the Government in connection his cooperation.

5. A declaration, executed under penalty of perjury, attesting that the information produced in response to any Order of the Court on this Motion is full and complete.

Respectfully submitted,

DATED: November 27, 2013                COLEMAN & BALOGH LLP

By: ETHAN A. BALOGH
JAY A. NELSON
235 Montgomery Street, Suite 1070
San Francisco, CA 94104

Attorneys for Defendant
JOHN THAT LUONG

**MEMORANDUM OF POINTS AND AUTHORITIES**

Rule Six of the Rules Governing Section 2255 Proceedings provides that the Court "may, for good cause, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure, or in accordance with the practices and principles of law." Section 2255 Rule 6. For the reasons that follow, Mr. Luong asks the Court to grant him the discovery identified above.

**A.     The Court should grant Mr. Luong discovery regarding Claims I and III.**

**1.     Legal background.**

Discrimination in the selection of grand jurors violates a defendant's right to equal protection of law. *See Vasquez v. Hillery*, 474 U.S. 254, 260-61 (1986) (collecting cases). The Sixth Amendment similarly requires that "petit juries must be drawn from a source fairly representative of the community[.]" *Taylor v. Louisiana*, 419 U.S. 522, 702 (1975).

Congress has codified these principles in the Jury Selection and Service Act, which provides that "all litigants in Federal courts entitled to trial by jury shall have the right to grand and petit juries selected at random from a fair cross section of the community in the district or division wherein the court convenes." 28 U.S.C. § 1861. Further, "[i]n criminal cases, before the voir dire examination begins, or within seven days after the defendant discovered or could have discovered, by the exercise of diligence, the grounds therefor, whichever is earlier, the defendant may move to dismiss the indictment or stay the proceedings against him on the ground of substantial failure to comply with the provisions of this title in selecting the grand or petit jury." 28 U.S.C. § 1867(a).

In order to protect these rights, section 1867(f) provides that a party "shall be allowed to inspect, reproduce, and copy" "[t]he contents of records or papers used by the jury commission or clerk in connection with the jury selection process[,]" "as may be necessary" for the preparation of any motion under section 1867(a). 28 U.S.C. § 1867(f). The Supreme Court has explained that "a litigant has essentially an unqualified right to inspect jury lists . . . . Indeed, without inspection, a party almost invariably would be unable to determine whether he has a potentially meritorious jury challenge." *Test v. United States*, 420 U.S. 28, 30 (1975). Access to such

records may not be conditioned on defendant's showing a probability of success on the merits of the jury-selection challenge. *United States v. Beaty*, 465 F.2d 1376, 1380 (9th Cir. 1972). Particularly in serious cases such as Mr. Luong's, judges of this District have granted motions for discovery similar the instant request. *See*, *e.g.*, *United States v. Rausini*, No. 95 Cr. 319 (SI), Dkt. 619; *United States v. Cerna*, No. 08 Cr. 730 (WHA), Dkt. 633; *United States v. Ortiz*, No. 12 Cr. 119 (SI), Dkt. 554; *United States v. Diaz*, 236 F.R.D. 470 (N.D. Cal. 2006) (WHA).

**2.    Analysis.**

Under *Test* and its progeny, there can be little doubt that had Mr. Luong's trial counsel moved for discovery in support of a jury wheel challenge, he would have had an unqualified right to access such materials. In addition, given (a) the dramatic demographic shifts that took place in the Bay Area between 1990 and 2000, *see* Declaration of Ethan A. Balogh Filed November 27, 2013 ("Balogh Decl.") Exs. A-B, and (b) the fact that the 2000 census issued in the middle of Mr. Luong's trial,[1] trial counsel had good cause—particularly in the context of this serious RICO, robbery, firearm, and drug prosecution—to assess whether the District's jury selection procedures kept up with those demographic developments, in order to safeguard Mr. Luong's right to grand and petit juries composed of a fair cross section of the community.

Undersigned counsel has addressed this request for discovery with Chris Wolpert, Deputy Chief of Operations for the Northern District of California. *See* Balogh Decl. ¶ 4. Mr. Wolpert informed counsel that other than (a) General Order 6 (which is publicly available), and (b) other juror information available on the Court's public homepage, the Clerk's Office would defer to this Court regarding the proper scope of discovery to be granted to Mr. Luong in this matter. *Id.* Based on the foregoing, Mr. Luong respectfully asks the Court to grant him the requested discovery, in order that he may conduct a full and complete assessment of his claims for relief—*viz.*, that trial counsel rendered constitutionally ineffective assistance under *Strickland v. Washington*, 466 U.S. 668 (1984) by failing to challenge the District's grand and petit jury selection procedures—before presenting additional argument on these matters, as appropriate.

---

[1] *See* http://www.census.gov/main/www/cen2000.html.

**B. The Court should grant Mr. Luong discovery regarding Claim IX.**

As set forth in his Amended Memorandum filed this day, considerable newly-discovered evidence corroborates Mr. Luong's contention that Tuan Thanh Nguyen, a.k.a. Ah Muoi, a.k.a. Quang Phan ("Ah Muoi) has received consideration from the United States—at least in the form of lenience with respect to federal criminal prosecutions—due to his services as a cooperating Government source. To the extent the Government (a) may have misled the Court regarding Ah Muoi's cooperation, *see United States v. Chapman*, 524 F.3d 1073 (9th Cir. 2008) or (b) at a minimum, inadvertently misstated material facts sufficient to undermine its showing of wiretap necessity, *see Brady v. Maryland*, 373 U.S. 83 (1963); *Franks v. Delaware*, 438 U.S. 154 (1978), this Court should (i) order the discovery requested above to make plain the full scope of Ah Muoi's relationship with the Government, (ii) order an evidentiary hearing, as appropriate, and (iii) permit additional briefing on these matters, as necessary, in light of any additional facts adduced in response to an Order granting discovery. *See also* Section 2255 Rules 6, 8.

Respectfully submitted,

DATED: November 27, 2013           COLEMAN & BALOGH LLP

By: ETHAN A. BALOGH
JAY A. NELSON
235 Montgomery Street, Suite 1070
San Francisco, CA 94104

Attorneys for Defendant
JOHN THAT LUONG

**PROOF OF SERVICE**

      I, Ethan A. Balogh, certify that on November 27, 2013, I served all parties in this matter by causing the foregoing pleading to be filed electronically, as set forth by as set forth by Local Rule 5-1. I declare the foregoing is true and correct under penalty of perjury of the laws of the United States.

Dated: November 27, 2013                                ETHAN A. BALOGH