COLEMAN & BALOGH LLP
ETHAN A. BALOGH, No. 172224
JAY A. NELSON, No. 258431
235 Montgomery Street, Suite 1070
San Francisco, CA 94104
Telephone: 415.391.0440
Facsimile: 415.373.3901
eab@colemanbalogh.com
jay@colemanbalogh.com

Attorneys for Defendant
JOHN THAT LUONG

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 96 Cr. 94 (JSW) |
| Plaintiff, | |
| v. | DECLARATION OF ETHAN A. BALOGH FILED NOVEMBER 27, 2013 |
| JOHN THAT LUONG, | |
| Defendant. | Before the Honorable Jeffrey S. White United States District Judge |

I, Ethan A. Balogh, declare under penalty of perjury as follows:

1. I am a partner in the law firm of Coleman & Balogh LLP and serve as counsel to defendant John That Luong. I am admitted to practice before this Court, and except as where otherwise expressly noted, state the following on personal knowledge, and if called as a witness could testify competently thereto.

2. Attached hereto as Exhibit A is a true and correct copy of a printout from www.bayareacensus.ca.gov setting forth data from the 2000 census.

3. Attached hereto as Exhibit B is a true and correct copy of a printout from www.bayareacensus.ca.gov setting forth data from the 1990 census.

4. In April 2013, I addressed with Chris Wolpert, Deputy Chief of Operations for the Northern District of California, Mr. Luong's request for discovery in support of his claims for relief that trial counsel rendered ineffective assistance by failing to challenge the Court's grand and petit jury selection procedures. Mr. Wolpert informed me that other than (a) General Order 6 (which is publicly available), and (b) other juror information available on the Court's public homepage, the Clerk's Office would defer to this Court regarding the proper scope of discovery to be granted to Mr. Luong in connection with these section 2255 proceedings. In prior cases, Judges of this District have granted discovery such as: blank copies of jury questionnaires; letters of instructions to prospective grand and petit jurors; JS-12 forms for the master and qualified jury wheel for the grand jury that issued the operative indictment, and for the potential petit jury pool; the manual of procedures that the Clerk uses to compile the master and qualified jury wheels; documents reflecting procedures used to select names from the master or qualified jury wheels, and to excuse prospective grand and petit jurors for hardship or other reasons, including but not limited to documentation relating to any policies and procedures used to determine a prospective juror's ability to serve; statistical information compiled by the jury clerk relating to the makeup of the jury pool from which the grand jury was drawn that returned the operative indictment, and the same information for the jury pool from which any potential petit jury would be drawn for trial; jury lists of the qualified jury wheel from which was drawn the grand jury that issued the operative indictment, as well as the same for the qualified jury wheel from which any petit juries

would be selected at trial; and a declaration from the jury clerk describing the procedures used to compose grand jury lists. *See*, *e.g.*, *United States v. Cerna*, No. 08 Cr. 730 (WHA), Dkt. 633; *United States v. Ortiz*, No. 12 Cr. 119 (SI), Dkt. 554; *United States v. Rausini*, No. 95-319 (SI), Dkt. 619.

5. Attached hereto as Exhibit C is what I am informed and believe is a true and correct copy of FBI Special Agent Carol Lee's August 1, 1995 affidavit in support the Government's initial application for a wiretap in this case. *See also* Dkt. 355, Ex. C.

6. Attached hereto as Exhibit D are what I am informed and believe are true and correct copies of five FBI 302s summarizing Government debriefings with cooperating co-defendant Chhayarith ("Charlie") Reth.

7. Attached hereto as Exhibit E are what I am informed and believe are true and correct copies of Government Trial Exhibits numbered 46b, 53b, 72b, 73b, 74b, 77b, 83b, 86b, 90b, 96b, and 101b.

8. Attached hereto as Exhibit F is what I am informed and believe is a true and correct copy of a statement, made by Charlie Reth under penalty of perjury, to investigator Loc Ngo, concerning the robbery that occurred at Aristocrat, Inc., Sunnyvale California, on August 18, 1995. I am informed and believe that Ngo conducted a taped interview of Reth in prison on April 23, 2010, thereafter prepared the typewritten summary of Reth's statements set forth in Exhibit F, and that Reth declared under penalty of perjury that the statements he provided were true and correct.

9. Attached hereto as Exhibit G is what I am informed and believe is a true and correct copy of an August 23, 1999 letter from Richard Mazer, Esq., trial counsel for Mr. Luong, to Dean Paik, Esq., counsel for Charlie Reth. Also included in Exhibit G is what I am informed and believe is a true and correct copy of a memorandum dated December 14, 1999, reflecting that Mr. Paik declined to permit Mr. Mazer to interview Reth.

10. Attached hereto as Exhibit H is what I am informed and believe is a true and correct copy of Ninth Circuit Model Criminal Instruction 8.31.1 (1997 ed.).

////

11. Attached hereto as Exhibit I is what I am informed and believe is a true and correct copy of Ninth Circuit Model Criminal Instruction 8.117 (2000 ed.).

I state the foregoing is true and correct under penalty of perjury under the laws of the United States.

Dated: November 27, 2013    ETHAN A. BALOGH

**PROOF OF SERVICE**

      I, Ethan A. Balogh, certify that on November 27, 2013, I served all parties in this matter by causing the foregoing pleading to be filed electronically, as set forth by as set forth by Local Rule 5-1. I declare the foregoing is true and correct under penalty of perjury of the laws of the United States.

Dated: November 27, 2013                              ETHAN A. BALOGH