# EXHIBIT H

# MANUAL OF MODEL CRIMINAL JURY INSTRUCTIONS

## FOR THE DISTRICT COURTS OF THE NINTH CIRCUIT

Prepared by
Committee on Model
Criminal Jury Instructions
Within the Ninth Circuit

### 1997 Edition

ST. PAUL, MINN.
WEST PUBLISHING CO.
1997

U.S.D.C.
LIBRARY

NOV 3 - 1997

PROPERTY OF
UNITED STATES GOVERNMENT

### 8.31.1   HOBBS ACT—EXTORTION OR ATTEMPTED EXTORTION BY FORCE (18 U.S.C. § 1951)

The defendant is charged in [Count _____ of] the indictment with [attempted] extortion by force in violation of Section 1951 of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant [caused] [intended to cause] _____ to part with [money] [property] [some valuable right] by the wrongful use or threat of force or fear;

Second, the defendant acted with the intent to obtain [money] [property] [some valuable right] that the defendant knew [he] [she] was not entitled to receive; [and]

Third, commerce from one state to another [was] [would have been] affected in some way[; and]

[Fourth, the defendant did something that was a substantial step toward committing the crime of extortion by force, with all of you agreeing as to what constituted the substantial step].

[Mere preparation is not a substantial step toward the commission of the crime of extortion by force.]

#### Comment

Only a de minimis effect on interstate commerce is required to establish jurisdiction under the Act and the effect need only be probable or potential, not actual. *United States v. Phillips*, 577 F.2d 495, 501 (9th Cir.), *cert. denied*, 439 U.S. 831 (1978).

"Property" under the Hobbs Act is not limited to tangible things; it includes the right to make business decisions and to solicit business free from coercion. *United States v. Zemek*, 634 F.2d 1159, 1174 (9th Cir.1980), *cert. denied*, 450 U.S. 916 (1981).

*See* Instruction 7.7 (specific jury unanimity).