# EXHIBIT I

# MANUAL OF
# MODEL CRIMINAL JURY INSTRUCTIONS

## FOR THE DISTRICT COURTS OF THE NINTH CIRCUIT

Prepared by
Committee on Model
Criminal Jury Instructions
Within the Ninth Circuit

## 2000 Edition

ST. PAUL, MINN.
**WEST GROUP**
2000

U.S.D.C.
LIBRARY

JUN 2 2 2000

PROPERTY OF
UNITED STATES GOVERNMENT

NSTRUCTIONS

STAL
9)

\_\_\_\_\_ of] the
on of Section
. In order for
 charge, the
ing elements

ice employee,
package] that

ig that it be-

OFFENSES UNDER TITLE 18     8.117

## 8.117 HOBBS ACT—EXTORTION OR ATTEMPTED EXTORTION BY FORCE (18 U.S.C. § 1951)

The defendant is charged in [Count _____ of] the indictment with [attempted] extortion by force in violation of Section 1951 of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant induced [*victim*] to part with property by the wrongful use of threat of force or fear;

Second, the defendant acted with the intent to obtain the property that the defendant knew [he] [she] was not entitled to receive;

Third, commerce from one state to another [was] [would have been] affected in some way[; and]

[Fourth, the defendant did something that was a substantial step toward committing the crime of extortion by force, with all of you agreeing as to what constituted the substantial step].

[Mere preparation is not a substantial step toward the commission of the crime of extortion by force.]

### Comment

Only a de minimis effect on interstate commerce is required to establish jurisdiction under the Act and the effect need only be probable or potential, not actual. *United States v. Nelson*, 137 F.3d 1094, 1102 (9th Cir.) (citing *United States v. Atcheson*, 94 F.3d 1237, 1241 (9th Cir.1996), *cert. denied*, 519 U.S. 1156 (1997)), *cert. denied*, 525 U.S. 901 (1998). *See also United States v. Yankowski*, 184 F.3d 1071 (9th Cir.1999) (holding that the commission or threat of violence may be a violation of the Hobbs Act as long as it is in furtherance of a plan to impede commerce by extortion or robbery).

"Property" under the Hobbs Act is not limited to tangible things; it includes the right to make business decisions and to solicit business free from coercion. *United States v. Zemek*, 634 F.2d 1159, 1174 (9th Cir.1980), *cert. denied*, 450 U.S. 916 (1981).

*See* Instruction 7.9 (Specific Issue Unanimity).

The bracketed language stating a fourth element applies to attempt to engage in extortion by force.