COLEMAN & BALOGH LLP
ETHAN A. BALOGH, No. 172224
JAY A. NELSON, No. 258431
235 Montgomery Street, Suite 1070
San Francisco, CA 94104
Telephone: 415.391.0440
Facsimile: 415.373.3901
eab@colemanbalogh.com
jay@colemanbalogh.com

Attorneys for Defendant
JOHN THAT LUONG

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>JOHN THAT LUONG,<br><br>    Defendant. | Case No. 96 Cr. 94 (JSW)<br><br>JOHN THAT LUONG'S REPLY MEMORANDUM IN SUPPORT OF MOTION FOR DISCOVERY<br><br>Date:         February 6, 2014<br>Time:        2:00 p.m.<br>Courtroom:  11, 19th Floor<br><br>Before the Honorable Jeffrey S. White<br>United States District Judge |

**ARGUMENT IN REPLY**

Defendant John That Luong, by and through his counsel, respectfully submits this reply memorandum in support of his motion for discovery. Dkt. 2125.

**A.     The Court should grant discovery regarding Claims I and III.**

The Government opposes Mr. Luong's request for discovery regarding jury selection procedures on three grounds. None has merit.

First, the Government miscasts Mr. Luong's argument as one that "because trial counsel could have sought jury selection records, he should have done so, and trial counsel's failure to do so rendered him constitutionally ineffective." Dkt. 2133 at 4. Then, the Government dismisses its own (mis)characterization of Mr. Luong's argument as "utterly preposterous." *Id.*

But Mr. Luong does not contend that ineffective assistance of counsel results every time a defense attorney fails to seek discovery regarding jury selection procedures. *Cf. id.* ("Following defendant's logic, every attorney who chooses not to seek jury selection records is constitutionally ineffective."). Instead, he has raised "specific allegations" that "show reason to believe that [he] may, if the facts are fully developed, be able to demonstrate that he is entitled to relief," a circumstance that triggers "the duty of the court to provide the necessary facilities and procedures for an adequate inquiry." *Bracy v. Gramley*, 520 U.S. 899, 908-09 (1997) (quotation marks and ellipsis omitted). Specifically, Mr. Luong has shown that (a) in cases of similar severity, it is customary to seek discovery regarding jury selection procedures, and (b) that the timing of his case specifically—close to the 2000 census—rendered a jury selection challenge particularly appropriate, given that the District's procedures may well not have kept up with the documented (and dramatic) demographic shifts that occurred in the Bay Area around that time. *See* Dkt. 2125 at 1-2; Dkt. 2124 at 2-5. In other words, Mr. Luong has amply "show[n] reason to believe that [he] *may* . . . be able to demonstrate that he is entitled to relief" "if the facts are fully developed[.]" *Bracy*, 520 U.S. at 908-09 (emphasis added). Because the Government offers nothing to assail Mr. Luong's showings regarding (a) the common practice in this District, and (b) the effects of the 2000 census data, the Court should find "good cause" to exercise its discretion under Rule 6. *See id.* at 909 (holding denial of discovery abuse of discretion even

though "[i]t may well be" that the "petitioner will [ultimately] be unable to obtain evidence sufficient to support" his claim for relief").

The Government next argues that Mr. Luong "misconstrues the law regarding the availability of jury selection records" because, in its view, Judge Illston's orders in *Rausini* and *Ortiz* were limited to "the disclosure of court records relating to demographic information[.]" Dkt. 2133 at 4. Of course, the Government agrees that Mr. Luong "may" be entitled to "demographic information," *see id.*, and this Court should, at a minimum, grant that discovery.

But the Government miscasts Judge Illston's rulings. Contrary to the Government's view, in *Ortiz*, Judge Illston ordered the Jury Administrator to provide a declaration "describing the procedures used to compose grand jury lists," *i.e.*, the order was not limited solely to the production of "demographic" information. *Ortiz*, 12 Cr. 119 (SI), Dkt. 554. The same was true in *Rausini*. *See Rausini*, 95 Cr. 319 (SI), Dkt. 2133 at 3 (noting Government's concession that defendants were entitled, *inter alia*, to "the manual of procedures used by the Clerk to compile the master and qualified jury wheels").

Equally important is the Government's inattention to Mr. Luong's citations to *four* cases from this District involving similar discovery requests—*United States v. Rausini*, No. 95 Cr. 319 (SI); *United States v. Cerna*, No. 08 Cr. 730 (WHA); *United States v. Ortiz*, No. 12 Cr. 119 (SI); and *United States v. Milburn*, *et al.*, No. 05 Cr. 167 (WHA)—and that *each* of Mr. Luong's nine requests has previously been granted by a Judge of this Court. *Compare* Dkt. 2125 at 1 *with Cerna*, Dkt. 633 *and Rausini*, Dkt. 619 *and Ortiz*, Dkt. 554. Accordingly, the Government is incorrect that Mr. Luong seeks materials outside the scope of the Jury Selection and Service Act, as determined by the Judges of this District.

Finally, the Government argues that it "has been advised by the Clerk's office that none of the materials sought by Petitioner is available" because the documents have been destroyed. Dkt. 2133 at 4. Contrary to the Government's unsworn statement, however, Mr. Luong has been advised by the Clerk's Office that "other than (a) General Order 6 (which is publicly available), and (b) other juror information available on the Court's public homepage, the Clerk's Office would defer to this Court regarding the proper scope of discovery to be granted to Mr. Luong in

connection with these section 2255 proceedings." Dkt. 2126 ¶ 4.  Given this circumstance, Mr. Luong respectfully contends that the proper course of action is not to withhold discovery altogether, but instead to (a) order the requested discovery, and (b) in the event the materials are unavailable, require the Jury Administrator to submit a sworn declaration to that effect.

**B.     The Court should order discovery regarding Claim IX.**

The Government first opposes Mr. Luong's request for discovery regarding suspected Government informant Ah Muoi on the ground that the request "has nothing at all to do with [Mr. Luong's] claim that counsel was ineffective for failing to subpoena [Charlie] Reth."  Dkt. 2133 at 5.  The United States's hyper-technical reading of Mr. Luong's *pro se* filings has no merit.  This Court expressly referred Mr. Luong to the Federal Public Defender for the appointment of counsel based on the Court's concern that "Defendant is proceeding without the benefit of counsel[,] and if Defendant fails to present all grounds for relief, he runs the risk that he will not be able to bring those claims in the future."  Dkt. 2083 at 2.  Upon accepting the Court's appointment, undersigned counsel then discharged his obligation under the Court's Order to raise all meritorious grounds for relief on Mr. Luong's behalf, including his claim that Ah Muoi served and/or continues to serve as an undisclosed cooperating source.  Accordingly, this Court should reject the Government's contention that Mr. Luong has engaged in improper conduct, as well as its invocation of the strict "newly discovered evidence" standard applicable to second or successive section 2255 motions.  *Compare* Dkt. 2133 at 5-6 *with* Dkt. 2083 at 2.

The Government's next argument—that Mr. Luong's "claims about Nguyen being an informant are based, at best, on rank speculation" and are, "at best, fanciful[,]" Dkt. 2133 at 6—fares no better.  To begin, the Government does not deny that (a) Ah Muoi is a Government informant, nor (b) that the United States possesses records regarding Ah Muoi's services, a telling circumstance given the Government's eagerness to inform the Court that "none of the materials sought by Petitioner" regarding jury selection procedures "is available."  *Id.* at 4-6.  In other words, the Court should infer from the Government's divergent responses that records regarding Ah Muoi do, in fact, exist, and that they constitute "favorable" evidence required to be disclosed under *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny.  *See Thomas v.*

3

*Goldsmith*, 979 F.2d 746, 749-50 (9th Cir. 1992) (prosecution has not only a "past duty to turn over exculpatory evidence at trial," but also a "present duty to turn over exculpatory evidence relevant to the instant habeas corpus proceeding").

The Government also misconstrues Mr. Luong's claim for relief. According to the Government, the "lenience" afforded to Ah Muoi stems solely from the sentence of probation imposed by Judge Illston in his Northern District false statement case. Dkt. 2133 at 6. No so. Mr. Luong does not contend that "Judge Illston and the Probation Department" were complicit in any acts of deception. Instead, he contends that a long line of unusual circumstances suggests that Ah Muoi has received consideration from the United States for valuable services rendered, including, *inter alia*, (a) his disappearance from the Boston grand jury room and (b) the fact that he has never been held to answer for serious criminal allegations—in at least one, but possibly two cases—in the Central District of California, even *after* his whereabouts came to light. *See* Dkt. 2124 at 10-12.

For these reasons, Mr. Luong's discovery motion is not based on "self-serving wishful thinking[.]" Dkt. 2133 at 6. Instead, it is based on "specific allegations" that "show reason to believe that [Mr. Luong] may, if the facts are fully developed, be able to demonstrate that he is entitled to relief[.]" *Bracy*, 520 U.S. at 908-09. In fact, the Government most ably articulates Mr. Luong's need for discovery when it correctly observes that Mr. Luong "is not in a position to evaluate the prosecution's evidence, let alone the charging decisions of the Government." Dkt. 2133 at 6. Considering the troubling record evidence suggesting that a nearly 20-year old *Brady* violation has occurred in this case—and that the Government alone holds the key to the relevant information and refuses to produce it absent an Order of this Court—the Court should find good cause to exercise its discretion under Rule 6, and Order the requested discovery.

////
////
////
////
////

## **CONCLUSION**

For the foregoing reasons, and those set forth in his moving papers, Defendant John That Luong respectfully asks the Court to grant his motion for discovery.

Respectfully submitted,

DATED: January 23, 2014         COLEMAN & BALOGH LLP

By: ETHAN A. BALOGH
JAY A. NELSON
235 Montgomery Street, Suite 1070
San Francisco, CA 94104

Attorneys for Defendant
JOHN THAT LUONG

**PROOF OF SERVICE**

I, Ethan A. Balogh, certify that on January 23, 2014, I served all parties in this matter by causing the foregoing pleading to be filed electronically, as set forth by as set forth by Local Rule 5-1. I declare the foregoing is true and correct under penalty of perjury of the laws of the United States.

Dated: January 23, 2014                                        ETHAN A. BALOGH