1

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7

8                    FOR THE NORTHERN DISTRICT OF CALIFORNIA

9   UNITED STATES OF AMERICA,

10              Plaintiff,                          No.  CR 96-00094 JSW

11      v.                                          **ORDER DEFERRING RULING
                                                    ON MOTION FOR DISCOVERY
12   JOHN THAT LUONG,                               AND DIRECTING RESPONSE
                                                    FROM JURY OFFICE AS TO
13              Defendant.                          AVAILABILITY OF REQUESTED
                                                    DISCOVERY**
14
                                                    **(Docket No. 2125)**
15
                                              /
16

17          This matter comes before the Court upon consideration of the motion for discovery filed

18   by John That Luong ("Mr. Luong").  The Court has considered the parties' papers, relevant

19   legal authority, and the record in this case, and it finds the motion suitable for disposition

20   without oral argument.  Accordingly, the Court VACATES the hearing scheduled for February

21   6, 2014, and it HEREBY DEFERS ruling on Mr. Luong's motion until the motion to vacate is

22   ripe.

23                                    **BACKGROUND**

24          Mr. Luong was convicted following a jury trial of a substantive violation of the

25   Racketeer Influenced and Corrupt Organizations Act ("RICO"), and other offenses.  *See United

26   States v. Luong*, 215 Fed. Appx. 639, 2006 WL 3825384 (9th Cir. Dec. 26, 2006); *United States

27   v. Luong*, 471 F.3d 1107 (9th Cir. 2006).  On February 24, 2011, Judge Patel re-sentenced Mr.

28   Luong to a total term of 65 years imprisonment, following remand from the Ninth Circuit.

United States District Court
For the Northern District of California

United States District Court

For the Northern District of California

Mr. Luong initially filed his motion to vacate on September 27, 2012 and, after the Court appointed counsel, on November 27, 2013, Mr. Loung, through counsel, filed his amended memorandum of points and authorities in support of his motion to vacate his sentence. Mr. Luong is proceeding only on claims I, III, IX, XI, XII, and XIII, each of which is premised on the allegation that he received ineffective assistance of counsel. (*See* Docket No. 2058, Attachment C at ECF pages 17-18; Docket No. 2082; Docket No. 2124, Amended Memorandum ("Amended MPA") at 1:9-14.) By way of a separate order to show cause, issued this date, the Court has directed the Government to answer or otherwise respond to each of these claims.

Mr. Luong seeks discovery relating to claims I and III, which assert that trial counsel was ineffective because he failed to challenge the grand and petit jury selection procedures in the United States District Court for the Northern District of California. He also seeks discovery on Claim IX, which asserts that counsel was ineffective because he failed to object to the prosecutor's "pervasive misconduct." This claim relates, in part, to an individual named Tuan Tranh Nguyen, a.k.a., "Ah Muoi," who is referenced in wiretap applications as a close associate of Mr. Luong. Mr. Luong asserts that Ah Muoi was, in fact, an undisclosed government informant.

## ANALYSIS

Mr. Luong seeks discovery pursuant to Rule 6 of the Rules Governing Section 2255 Proceedings ("Rule 6"). That rule provides, in part, that "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure, or in accordance with the practices and principles of law." Rule 6(a). However, a habeas petitioner is not entitled to discovery as a matter of course. *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Rather, "'discovery is available only in the discretion of the court and for good cause shown.'" *Sivak v. Henderson*, 658 F.3d 898, 927 (9th Cir. 2011) (quoting *Rich v. Calderon*, 187 F.3d 1064, 1068 (9th Cir. 1999). Good cause exists "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed,

**United States District Court**
For the Northern District of California

1   be able to demonstrate that he is ... entitled to relief[.]" *Bracy,* 520 U.S. at 908-09; *Sivak,* 658

2   F.3d at 927.

3         In order to determine whether Mr. Luong has made a showing of good cause, the Court

4   considers the essential elements of his claims.  As noted, each of these claims are premised on

5   the allegation that trial or appellate counsel were ineffective.  The Sixth Amendment right to

6   counsel guarantees effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686

7   (1984).  In order to prevail on a claim for ineffective assistance of counsel, Mr. Luong must

8   establish that counsel's representation fell below an objective standard of reasonableness.

9   *Strickland*, 466 U.S. at 688.  Second, he must show he was prejudiced by counsel's errors. *Id.*

10  at 694.  There must be a reasonable probability that but for counsel's unprofessional errors, the

11  result of the proceeding would have been different.  The Court need not consider one

12  component if there is an insufficient showing of the other. *Id.* at 697.

13        The bulk of Mr. Luong's discovery requests are most relevant to the second prong of the

14  *Strickland* test.  However, as noted, if Mr. Luong is not able to make a sufficient showing that

15  trial or appellate counsel's performance was deficient, it need not reach the question of

16  prejudice.  The Court concludes that it is appropriate to defer ruling on Mr. Luong's discovery

17  requests until the motion is ripe.  At that point, the Court will determine whether Mr. Luong has

18  demonstrated good cause for his requests.

19        The Court notes that with respect to his requests on Claims I and III, the Government

20  argues that the requests are moot, because the materials Mr. Luong requests have been

21  destroyed pursuant to the Guide to Judiciary Policy.  The Government, however, offers no

22  factual support for that assertion.  Accordingly, the Court HEREBY ORDERS that, by no later

23  than February 28, 2014, a designated representative of the Clerk's Office or the Jury Service

24  Office, or both if appropriate, shall provide a declaration stating which, if any, of the materials

25  identified by Mr. Luong at page 2, lines 9-21 of his motion for discovery, are available for

26  production.

27  //

28  //

1     The Court makes clear that it is only seeking information about whether these materials

2 would be available for production and not whether they should be produced.

3     **IT IS SO ORDERED.**

4

5 Dated: January 27, 2014



6                                                    JEFFREY S. WHITE
                                                     UNITED STATES DISTRICT JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

            Plaintiff,

   v.

JOHN THAT LUONG,

Case Number: CR96-00094 JSW

**CERTIFICATE OF SERVICE**

Defendant.
_____/

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on January 24, 2014, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

John That Luong
08838-097
Hazelton
U.S. Penitentiary
Inmate Mail/Parcels
P.O. Box 2000
Bruceton Mills, WV 26525


Dated: January 24, 2014

*Jennifer Ottolini*

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk

United States District Court
For the Northern District of California

6